

**IT IS ORDERED as set forth below:**

Date: September 6, 2022

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| IN RE: | |
| ELEANOR LORRAINE RAKESTRAW, | CASE NO. 22-40960-PWB |
| Debtor. | |
| | CHAPTER 13 |
| ELEANOR LORRAINE RAKESTRAW, | |
| Movant, | |
| v. | |
| ATWILL FINANCE AND CAR CORNER FINANCE, INC., | |
| | CONTESTED MATTER |
| Respondents. | |

ORDER ON EMERGENCY MOTION FOR TURNOVER

The Debtor in this Chapter 13 case filed an Emergency Motion for Turnover [Doc. 8]

of her vehicle that AtWill Finance repossessed prior to the filing of the case and allegedly sold

to Car Corner Finance, Inc. after both had notice of the filing. For reasons explained below, the Court will order the return of the vehicle and will consider an award of damages for violation of the automatic stay if the debtor seeks damages in a separate proceeding.

The matter came before the Court for hearing via Zoom.gov on August 31, 2022.[1] At the call of the calendar, counsel for the Debtor and the Chapter 13 Trustee were present. No one appeared on behalf of the Respondents.

The motion alleges, and counsel for Debtor represented under oath at the hearing, the following facts:

1. The Debtor filed a chapter 13 bankruptcy case on August 12, 2022, in which she listed AtWill Finance as a secured creditor holding a lien on a 2008 Toyota Sequoia vehicle (the "Vehicle"). Before the filing of the case, AtWill Finance repossessed the Vehicle.

2. After the filing, counsel for the Debtor contacted AtWill Finance a number of times and provided the bankruptcy information to its manager, Jacey. AtWill Finance informed counsel for the Debtor of the location of the auction company where the Vehicle had been taken to schedule a time for the Debtor to retrieve it.

3. On August 16, 2022, AtWill Finance told Debtor's counsel that the Vehicle was sold on August 12, 2022, the date the Debtor filed bankruptcy, and that Car Corner Finance, Inc., ("Car Corner") had purchased it. Counsel for the Debtor represented that AtWill Finance and Car Corner are owned by the same individual, Joseph L. Willis.

---

[1] This hearing was originally scheduled on an emergency basis for August 24, 2022. Debtor's counsel failed to appear due to a self-described scheduling omission on his calendar. The Court at counsel's request rescheduled the matter for August 31, 2022. No person appeared on behalf of the Respondents at the originally scheduled August 24, 2022, hearing.

The Debtor's certificate of service shows service of the "Order Granting Debtor's Motion For Emergency Hearing and Notice of Hearing on Debtor's Motion for Turnover" (Doc. 17) upon AtWill Finance to the attention of its owner, Joseph L. Willis (by Federal Express), AtWill Finance, to the attention of its manager (by Federal Express and email), and Car Corner Finance to the attention of its owner and registered agent, Joseph L. Willis (by Federal Express). The Vehicle has not been returned.

Under Georgia law, the Debtor had a legal and equitable interest in the Vehicle as of the commencement of the case, even if it was repossessed the day before she filed bankruptcy. 11 U.S.C. § 541(a); *United States v. Whiting Pools, Inc.,* 462 U.S. 198 (1983); *In re Rozier*, 376 F.3d 1323 (11th Cir. 2004); *In re Stephens*, 495 B.R. 608 (Bankr. N.D. Ga. 2013). Although a creditor's retention of a vehicle repossessed prepetition does not violate the provisions of the automatic stay in 11 U.S.C. § 362(a)(3), *City of Chicago v. Fulton,* ___ U.S. ___, 141 S.Ct. 585 (2021),[2] the automatic stay in § 362(a)(4) prohibits the enforcement of a lien against property of the estate. Accordingly, the alleged postpetition sale of the Vehicle to enforce the lien violated the automatic stay.

An act in violation of the automatic stay is void. *E.g., Borg-Warner Acceptance Corp. v. Hall (In re Hall),* 685 F.2d 1306 (11th Cir. 1987). The Vehicle therefore is property of the debtor's estate.

Section 542(a) of the Bankruptcy Code, 11 U.S.C. § 542(a), requires an entity that is in possession of property of the estate to turn it over to a Chapter 13 debtor unless the property is of inconsequential value or benefit to the estate. *See* W. Homer Drake, Jr., et al., CHAPTER

---

[2] The Court need not, and does not, consider in the context of this matter whether a creditor has an affirmative obligation to turn over a vehicle repossessed before a bankruptcy filing under 11 U.S.C. § 542(a). *See generally* W. Homer Drake, Jr., et al., CHAPTER 13 PRACTICE AND PROCEDURE § 15:12 (2022 ed.).

3

13 PRACTICE AND PROCEDURE § 15:12 (2022 ed.). Because the Debtor needs the Vehicle, it is not of inconsequential value or benefit to the estate. The entity in possession of it, therefore, has the obligation to turn it over to the Debtor.

The Court will, therefore, order AtWill Finance, Car Corner, or any other person in possession of the Vehicle to return it to the Debtor within twenty-four hours.

An individual debtor may seek damages for a violation of the automatic stay under § 362(k) of the Bankruptcy Code for a willful violation, including actual damages, attorney's fees, costs, and, in appropriate circumstances, punitive damages. 11 U.S.C. § 362(k). An act is "willful" if a creditor knew of or had notice of a bankruptcy filing and nevertheless proceeded to take action in violation of the stay. *See* W. Homer Drake, Jr., et al., CHAPTER 13 PRACTICE AND PROCEDURE § 15:6 at 168-69 & n. 36 (2022 ed.). This Court has ruled that a creditor's sale of a repossessed vehicle after notice of a bankruptcy filing may justify an award of punitive damages. *In re Stephens*, 495 B.R. 608 (Bankr. N.D. Ga. 2013) (punitive damages in the amount of $17,980, twice the amount of the scheduled debt).

The Court will not decide in the context of the Debtor's Emergency Motion which of Mr. Willis and the two entities violated the automatic stay (or whether none of them did) and the amount, if any, of attorney's fees and actual and punitive damages that the Debtor is entitled to recover against Mr. Willis and the two entities to the extent that any of them willfully violated the automatic stay or directed its violation. *See In re Hamby,* 2022 WL 1272147 (Bankr. N.D. Ga. 2022).

If the Debtor desires to seek damages for violation of the automatic stay against AtWill Finance, Car Corner, Mr. Willis, or any other party participating in, and liable for, its violation, she may do so by commencing an appropriate proceeding (either an adversary proceeding or a

4

motion initiating a contested matter) in this Court that identifies the entities or individuals that she alleges to be liable under § 362(k) and specifies the damages she is seeking and the grounds for them.

The Court notes that AtWill Finance, if it is an entity, and Car Corner must have a lawyer represent them in this proceeding or in any later proceeding that the Debtor may file to seek damages for violation of the automatic stay. *E.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194 (1993); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *In re Stephens,* 495 B.R. 608, 612, n. 2 (Bankr. N.D. Ga. 2013). Unless Mr. Willis is a lawyer, he cannot represent the two entities in this proceeding or appear on their behalf.

Based on the foregoing, it is hereby

ORDERED that AtWill Finance, Car Corner Finance, Inc., Joseph L. Willis, and any of their agents, officers, managers, representatives or other persons acting in active concert or participation with, or on behalf of, any of them having actual notice of this Order (by personal service, by service by first class mail, by e-mail, by facsimile transmission, or otherwise), shall (1) comply with the automatic stay and turnover requirements of the Bankruptcy Code with regard to the Vehicle; and (2) return the Vehicle to the Debtor at a location as communicated by her attorney to the Respondents, within twenty-four hours of receipt of actual notice of this Order. It is further

ORDERED that, until the Vehicle is returned to the Debtor, any person in violation of this Order shall be liable to the Debtor in the amount of $100 per day for each day after the deadline stated above that the Vehicle has not been returned. This amount is a minimum coercive penalty, and its imposition does not preclude or limit any rights of the Debtor to seek actual or punitive damages for a violation of 11 U.S.C. § 362(a) or this Order. Further, the

Court may increase the penalty at a later time if necessary to compel compliance with this Order. It is further

ORDERED that counsel for the Debtor shall transmit this Order via fax, email, expedited mail, or express courier to Atwill Finance, Car Corner, and Mr. Willis (including the registered agent and officer for the entities) and shall file a certificate of service showing same.

**END OF ORDER**

**Distribution List**

Stanley J. Kakol, Jr.
The Law Offices of Stanley J. Kakol, Jr.
5353 Fairington Road
Suite C
Lithonia, GA 30038

Eleanor Lorraine Rakestraw
91 Ledbetter Place
Dallas, GA 30132

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303

AtWill Finance
Attn. Joseph L. Willis, Owner
9895 Main St. Suite 100
Woodstock, GA 30188

AtWill Finance
Attn. Jacey, Manager
9895 Main St. Suite 100
Woodstock, GA 30188

Car Corner Finance, Inc.
Attn. Joseph L. Willis, Owner and reg. agent
10205 Highway 92
Woodstock, GA 30188

Joseph L. Willis
10205 Highway 92
Woodstock, GA  30188

6